UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KUO R. CHIANG,

                Plaintiff,                        ECF CASE

     -against-                       **FIRST AMENDED**
                                      **COMPLAINT**

JOHN E. POTTER, POSTMASTER GENERAL OF
THE UNITED STATES POSTAL SERVICE     Case No. 09-CIV-3794 (JCF)

                Defendants.
-----------------------------------------------------------------X

Plaintiff KUO R. CHIANG ("Plaintiff"), by and through his undersigned attorneys,

alleges, upon personal knowledge as to himself and upon information and belief as to

other matters, as follows:

**JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction over Plaintiffs' federal claims

pursuant to 42 U.S.C.A. § 2000e-16.

2.     Venue is proper in the Southern District of New York pursuant to 28

U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the

claims occurred in this district.

**THE PARTIES**

3.     Plaintiff KUO R. CHIANG is an individual over the age of 18 and resides

in Flushing, County of Queens, State of New York.

4.     Plaintiff KUO R. CHIANG has been at all relevent times and since April

22, 1994 an employee of the United States Postal Service ("USPS").

5.     Plaintiff KUO R. CHIANG has been at all relevent times and since April 22, 1994 assigned to the Gracie Station location of the United States Postal Service, located at 229 East 85th Street, New York, N.Y.

6.     Defendant JOHN E. POTTER, POSTMASTER GENERAL OF THE UNITES STATES POSTAL SERVICE, has been since June 1, 2001 and at all relevant times the Postmaster General of the United States of America, and is the official agency head of the United States Postal Service.

7.     William Ventrello has been at all relevent times an employee of United States Postal Service, the Tour Superintendent Postal Operations ("TSPO") for Gracie Station, and the second-line supervisor of Plaintiff.

8.     Kamaljit Kaur has been at all relevant times an employee of the United States Postal Service and the first-line supervisor of Plaintiff.

### STATEMENT OF FACTS.

9.     Since 1999, Plaintiff's duties as an employee of the United States Postal Service consist of driving a mail delivery truck.

10.     Plaintiff's job performance has been satisfactory at all relevant times.

11.     On or around November 20, 2006, Tour Superintendent of Postal Operations,William Ventrello, informed Plaintiff that an employee of a building on Plaintiff's route had complained to the Post Office that drivers were refusing to accept undeliverable mail to return to the post office.  Even though Plaintiff is a morning route driver who is not obligated to accept undeliverable mail as it is the responsibility of the afternoon route driver, Plaintiff has always accepted undeliverable mail to be returned to

the post office.  The building employee further admitted that he was complaining about other postal employees and not Defendant.

12.     The Tour Superintendent of Postal Operations, William Ventrello, singled out and placed the blame for the consumer complaint solely on Plaintiff, accusing him of not returning the undeliverable mail as addressed to the station. This was despite the fact that Plaintiff had always accepted undeliverable mail and that the building employee admitted that he was complaining about other postal employees and not Defendant.

13.     Upon information and belief, Plaintiff, who is Chinese American, was singled out, discriminated against, and mistreated on the basis of his race and national origin.

14.     On or around November 27, 2006 Plaintiff filed a race discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") and on or around January 3, 2007 a formal Complaint was filed with the EEOC.

15.     On or around April 20, 2007 the EEOC dismissed Plaintiff's Complaint.

16.     Soon thereafter, Plaintiff was subjected to a pattern of harassment and retaliatory conduct.

17.     Upon information and belief, the harassment and retaliatory conduct that commenced on or around the time Plaintiff's Complaint was dismissed was a direct result of Plaintiff's decision to engage in the protected activity of filing a complaint with the EEOC.

18.     On or around April 28, 2007, Plaintiff placed himself on the Overtime Desired List ("ODL").

19.      The usual practice when an employee was placed on the ODL was to assign them to their usual job duties if overtime was available.

20.      Plaintiff was assigned to a route different then his regular one.

21.      This was the first time Plaintiff had ever been assigned a different route and it was a mere week after his complaint with the EEOC had been dismissed.

22.      Upon information and belief, Plaintiff was discriminated against and assigned to a different route on the basis of his race and national origin and as retaliation for his decision to engage in the protected activity of filing a complaint with the EEOC.

23.      After wrongfully being assigned to a different route, Plaintiff was unable to complete the route until 5:47 pm, thereby incurring approximately 47 minutes of overtime.

24.      Upon returning to the Gracie Station, Plaintiff was told to leave his truck at the Station so as to avoid incurring any further overtime.  Plaintiff complied with instructions and handed over his keys leaving his truck parked by the fire hydrant, as was the standard practice. He then clocked out.

25.      Standard operating procedure when a driver was told to leave his truck at the Station would be for someone else to be assigned to park the truck.

26.      On or around May 25, 2007, Plaintiff was given a letter of warning for failing to return from his assigned route by 5:00 pm and for the parking the truck by the fire hydrant.

27.      This was despite the fact that plaintiff could not possibly have finished the route by 5:00 pm, that it was common practice for employees of the United States Postal Service to park by the fire hydrant, and that it was standard operating procedure

for someone else to park the truck once an employee had given back the keys and clocked out.

28.     Upon information and belief, Plaintiff was discriminated against and was disciplined under false pretenses and denied the right to overtime on the basis of his race and national origin and as retaliation for his decision to engage in the protected activity of filing a complaint with the EEOC.

29.     Additionally, on or around April 2, 2007, April 27, 2007, April 28, 2007 and May 11, 2007 Plaintiff was further denied the right to further overtime when he was instructed to park his truck by Gracie Station instead of the normal practice of returning it to the F.D.R. garage.

30.     Upon information and belief, Plaintiff was discriminated against and denied further overtime on the basis of his race and national origin and as retaliation for his decision to engage in the protected activity of filing a complaint with the EEOC.

31.     On or around May 5, 2007, which was Plaintiff's day off, Plaintiff was scheduled to work overtime.

32.     Plaintiff's scheduled overtime was suddenly cancelled.

33.     This was despite the fact that other workers were able to receive overtime on their days off.

34.     Upon information and belief, Plaintiff was discriminated against and denied overtime on the basis of his race and national origin and as retaliation for his decision to engage in the protected activity of filing a complaint with the EEOC.

35.     On or around June 7, 2007, TSPO William Ventrello purposely skipped over Plaintiff on the Overtime Desired List.   When Plaintiff complained, he was told to

do a "foot route", despite the fact that there was a floater freely available to do the foot route as needed.. Plaintiff's duties consisted of driving the trucks, and since becoming a driver he had never been assigned to a foot route.

36.     Upon information and belief, Plaintiff was discriminated against and denied overtime and told to do a foot route on the basis of his race and national origin and as retaliation for his decision to engage in the protected activity of filing a complaint with the EEOC.

37.     On or around August 4, 2007 Plaintiff's supervisor instituted a new system whereby drivers would no longer be placed on the Overtime Desired List but rather could receive overtime only by being selected by the supervisor.

38.     Under the operating procedures for the Overtime Desired List once an employee was on the list they automatically would be selected for overtime.

39.     Under the new system, the supervisor could pick and choose which drivers would receive overtime.

40.     Plaintiff has received less overtime as a result of this new system.

41.     Upon information and belief, Plaintiff was discriminated against and the overtime system was changed and Plaintiff was denied overtime on the basis of his race and national origin and as retaliation for his decision to engage in the protected activity of filing a complaint with the EEOC.

42.     On or around June 28, 2007, July 13, 2007, August 4, 2007 and continuing, Kamaljit Kaur, Plaintiff's first-line supervisor, scheduled him to deliver Express mail on Saturdays. This was not part of Plaintiff's regular job duties and interfered with Plaintiff's regular asssignment to pick up and drop off mail at relay boxes.

43.    Upon information and belief, there were other workers who were supposed to deliver Express mail as part of their job duties freely avaliable to do the deliveries. Nonetheless, Plaintiff was singled out and required to deliver Express mail.

44.    Upon information and belief, Plaintiff was discriminated against and given an assignment that interfered with his regular duties on the basis of his race and national origin and as retaliation for his decision to engage in the protected activity of filing a complaint with the EEOC.

45.    On or around August 6, 2007 Plaintiff's status on the Overtime Desired List was changed for no reason.

46.    Upon information and belief, Plaintiff was discriminated against and Plaintiff's status on the Overtime Desired List was changed on the basis of his race and national origin and as retaliation for his decision to engage in the protected activity of filing a complaint with the EEOC.

47.    As a result of the aforementioned acts of discrimination and retaliation, Plaintiff filed another Complaint with the EEOC on or around May 29, 2007.

48.    On or around April 22, 2008 Plaintiff was prevented from using the door used by employees to reach the station lobby, and was forced to use a longer, circuitous route as a result.

49.    Other employees were allowed to use the door to the station lobby.

50.    Upon information and belief, Plaintiff was prevented from using the door used by employees to reach the lobby as retaliation for Plaintiff's decision to engage in the protected activity of filing a complaint with the EEOC.

51.     On or about September 29, 2008 and September 30, 2009 Ms. Mildred Brown, a Supervisor for the United States Postal Service falsely claimed at a meeting of all "Section D" employees that Plaintiff had informed an inspector for the United Postal Service that some employees would sometimes leave work early.

52.     Upon information and belief, Ms. Mildred Brown made this false and malicious allegation as a means of harassment and in an effort to turn Plaintiffs fellow employees against him as retaliation for Plaintiff's decision to engage in the protected activity of filing a complaint with the EEOC.

53.     After filing his complaint with the EEOC on or around May 29, 2007 and particularly after the false allegations lodged against Plaintiff by Ms. Mildred Brown on September 29, 2008 and September 30, 2009 as described herein, Plaintiff was subjected to harassment by his fellow employees, including being called names, expletives, and other harassing conduct.

54.     Upon information and belief, fellow employees subjected Plaintiff to harassment as retaliation for Plaintiff's decision to engage in the protected activity of filing a complaint with the EEOC.

55.     After filing his compliant with the EEOC, Plaintiff's supervisor began to force other workers to give Plaintiff their parking spot as a means of cutting Plaintiff's overtime and causing Plaintiff's fellow employees to resent him.

56.     Upon information and belief, Plaintiff's supervisor took this action in retaliation for Plaintiff's decision to engage in the protected activity of filing a complaint with the EEOC.

8

57.     On or around, December 8, 2008 Plaintiff discovered that someone had scrawled intimidating and hateful graffiti in one of the bathrooms of the Gracie Station location of the the United States Postal Service.

58.     The graffitti contained hateful and offensive messages direted at Plaintif and read, among other things, "Chiang is a rat" and "Chiang sucks all c**k" .

59.     While some of the grafitti was removed, upon information and belief, most of the grafitti in the bathroom is still there, despite its obviously offensive and hateful message.

60.     Upon information and belief, the graffiti in the bathroom was scrawled by an employee of the United States Postal Service.

61.     Upon information and belief the graffitti in the bathroom was and continues to be directed at Plaintiff on the basis of his race and national origin and was intended and continues to be a means of  intimidation and retaliation against Plaintiff for his decision to engage in the protected activity of filing a complaint with the EEOC.

62.     On or around, March of 2009 Plaintiff discovered that someone had once again scrawled intimidating and hateful graffiti in the Gracie Station location of the the United States Postal Service, this time in one of the elevators.

63.     The grafitti read "Chiang is an a**hole".

64.     Upon information and belief the grafitti scrawled in the elevator is still there and has not been removed, despite its obviously offensive and hateful message.

65.     Upon information and belief, the graffiti in the elevator was scrawled by an employee of the United States Postal Service.

9

66.     Upon information and belief the graffitti in the elevator was and continues to be directed at Plaintiff on the basis of his race and national origin and was intended and continues to be a means of intimidation and retaliation against Plaintiff for his decision to engage in the protected activity of filing a complaint with the EEOC.

67.     On February 4, 2009 Plaintiff's EEOC complaint was dismissed.

68.     On February 13, 2009 Plaintiff was given a "right to sue letter" which granted him 90 days to sue.

69.     This action is brought within the prescribed 90 days and is therefore timely.

70.     All relevant administrative remedies have been exhausted.

## First Claim

## Title VII of the Civil Rights Act-42 U.S.C.A. § 2000e-16

71.     Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs as if fully set forth herein.

72.     Defendants have engaged in a pattern of race discrimination, including subjecting Plaintiff to disparate and unfavorable treatment and mistreatment in terms of employment as set out above.

73.     Defendants have engaged in a pattern of discrimination on basis of national origin, including subjecting Plaintiff to disparate and unfavorable treatment and mistreatment in terms of employment as set out above.

74.     Defendants engaged in discrimination and retaliation against Plaintiff for reporting of illegal activities of race discrimination and discrimination on the basis of national origin, and for their providing truthful information to officials of Defendants

10

about these illegal activities, as well as for filing charges with the Equal Employment Opportunity Commission.

75.     Upon information and belief, Defendants' actions of discrimination and retaliation against Plaintiff, were done with gross, wanton and reckless disregard for the rights of Plaintiff and/or with malicious intent to harm Plaintiff.

76.     All conditions precedent to jurisdiction under 42 U.S.C.A. § 2000e-5(f) as applied to 42 U.S.C.A. § 2000e-16 have occurred or been complied with, to wit; Plaintiff has filed one or more timely charges of discrimination with the EEOC; The EEOC has issued "right-to-sue" letters with respect to each charge filed by Plaintiff, and this action has been filed within 90 days of said "right-to-sue" letters.

77.     Due to Defendants' violations, Plaintiff is entitled to recover such legal or equitable relief as may be appropriate, including compensatory and punitive damages, in an amount to be determined at trial.

**Second Claim**

**Illegal Retaliation Pursuant To Title VII of the Civil Rights Act**

78.     Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs as if fully set forth herein.

79.     Defendants have discriminated and retaliated against Plaintiff as a result of the EEOC proceedings initiated by Plaintiff by, *inter alia*, (1) assigning Plaintiff to a different route then his regular one; (2) denying Plaintiffs overtime hours and pay on multiple occasions; (3) giving Plaintiff a letter of warning under false pretenses, (4) changing the system by which drivers received overtime; (5) assigning Plaintiff to deliver Express mail; (6) forcing Plaintiff to use a circuitous route to reach the lobby; (7) falsely

claiming at a meeting of all Section D employees that Plaintiff had informed an inspector that some employees would sometimes leave work early; (8) subjecting Plaintiff to harassment including being called names, expletives and other harassing conduct by USPS employees; (9) forcing USPS employees to give Plaintiff their parking spot so Plaintiff would receive less overtime and cause other USPS employees to resent him; (10) scrawling intimidating and hateful graffiti in various locations throughout the Gracie Station with messages such as "Chiang is an a\*\*hole", "Chiang is a rat" and Chiang sucks all c\*\*k", and by willfully failing to remove said graffiti; (11) and by committing such other and further acts of retaliation as more fully described hereinabove.

80.     By retaliating against Plaintiff, Defendants' conduct violates Title VII of the Civil Rights Act.

81.     Upon information and belief, Defendants' actions of discrimination and retaliation against Plaintiff, were done with gross, wanton and reckless disregard for the rights of Plaintiff and/or with malicious intent to harm Plaintiff.

82.     Due to Defendants' violations, Plaintiff is entitled to recover such legal or equitable relief as may be appropriate, including compensatory and punitive damages, in an amount to be determined at trial.

**WHEREFORE,** Plaintiff respectfully requests that judgment be granted:

(a)     Declaring Defendants' conduct complained of herein to be in violation of Plaintiff's rights under Title VII of the Civil Rights Act;

(b)     Ordering Defendants to discipline William Ventrello, Kamaljit Kaur and any other employees of the United States Postal Service involved in the alleged

discrimination and retaliation, and to take whatever steps as may be necessary to ensure such conduct does not occur in the future;

(c)     Enjoining Defendants from engaging in acts of discrimination and retaliation;

(d)     Ordering Defendants to pay compensatory damages in an amount as determined by the jury at a trial of this matter;

(e)     Ordering Defendants to pay punitive damages in an amount as determined by the jury at a trial of this matter;

(f)     For all consequential damages to Plaintiffs arising from Defendant's conduct;

(g)     For attorney fees, costs and expenses incurred by the Plaintiffs to bring this action; and

(h)     For such other and further relief as this honorable court deems just and proper.

Dated: August 31, 2009
       New York, New York

Wong, Wong & Associates P.C.

By: /s/Jeffrey Fleischmann_____

JEFFREY FLEISCHMANN, ESQ.
Attorneys for the Plaintiff
150 Broadway, Suite 1588
New York, NY 10038
T (212)-566-8080
F (212)-566-8960
jfleischman@gmail.com

VERIFICATION

STATE OF NEW YORK     )
COUNTY OF NEW YORK   )

    I, KUO R. CHIANG, being duly sworn, deposes and says:

I am the Plaintiff herein; and as such, I am familiar with the facts and circumstances of this action.

I have read the foregoing First Amended Complaint and know the contents thereof. The Complaint is true to my knowledge except as to the matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____

**KUO R. CHIANG**

Sworn to before me this

<u>31</u> day of <u>August</u>, 2009

