PREET BHARARA
United States Attorney for the
Southern District of New York
By: DAVID BOBER
Assistant United States Attorney
86 Chambers Street, 3d Floor
New York, NY  10007
Tel.: (212) 637-2718
Fax: (212) 637-2786
david.bober@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | |
|---|---|
| KUO R. CHIANG, | **ECF CASE** |
| Plaintiff, | |
| v. | **ANSWER TO FIRST AMENDED COMPLAINT** |
| JOHN E. POTTER, Postmaster General of the United States Postal Service, | 09 Civ. 3794 (JCF) |
| Defendant. | |

------------------------------------------------------------ x

Defendant John E. Potter, Postmaster General, United States Postal Service, by his attorney Preet Bharara, United States Attorney for the Southern District of New York, answers the first amended complaint on information and belief as follows:

1. The allegations set forth in paragraph 1 of the first amended complaint are statements of jurisdiction or conclusions of law to which no response is required.

2. The allegations set forth in paragraph 2 of the first amended complaint are statements of jurisdiction or conclusions of law to which no response is required.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the first amended complaint.

4. Defendant denies the allegations in paragraph 4 of the first amended complaint.

5. Defendant denies the allegations in paragraph 5 of the first amended complaint.

6. Defendant neither admits nor denies the allegations in paragraph 6 of the first amended complaint and states that he is the Postmaster General of the United States and Chief Executive Officer of the United States Postal Service, headquartered at 475 L'Enfant Plaza SW, Washington, D.C. 20260.

7. Defendant admits that William Ventrello was and is the Tour Superintendent Postal Operations at Gracie Station, and otherwise denies the allegations in paragraph 7 of the first amended complaint.

8. Defendant admits that Kamaljit Kaur was and is a Supervisor Customer Services at Gracie Station, and otherwise denies the allegations in paragraph 8 of the first amended complaint.

9. Defendant denies knowledge or information sufficient to formulate a belief as to the truth of the allegations in paragraph 9 of the first amended complaint, except admits that Plaintiff is a City Carrier at Gracie Station.

10. Defendant denies the allegations in paragraph 10 of the first amended complaint.

11. Defendant denies the allegations in paragraph 11 of the first amended complaint.

12. Defendant denies the allegations in paragraph 12 of the first amended complaint.

13. Defendant denies the allegations in paragraph 13 of the first amended complaint.

14. Defendant admits the allegations in paragraph 14 of the first amended complaint.

15. Defendant admits the allegations in paragraph 15 of the first amended complaint.

16. Defendant denies the allegations in paragraph 16 of the first amended complaint.

17. Defendant denies the allegations in paragraph 17 of the first amended complaint.

18. Defendant denies the allegations in paragraph 18 of the first amended complaint, except states that Plaintiff was already on the overtime desired list on April 28, 2007.

19. Defendant denies the allegations in paragraph 19 of the first amended complaint.

20. Defendant denies the allegations in paragraph 20 of the first amended complaint, except admits that plaintiff was instructed to assist with deliveries in another section of the station.

21. Defendant denies the allegations in paragraph 21 of the first amended complaint.

22. Defendant denies the allegations in paragraph 22 of the first amended complaint.

23. Defendant denies the allegations in paragraph 23 of the first amended complaint, except admits that Plaintiff completed his overtime assignment after 5:00 p.m.

24. Defendant denies the allegations in paragraph 24 of the first amended complaint, except admits that after he completed his overtime, Plaintiff was instructed to leave the delivery truck in the bay area of Gracie Station and to clock out.

25. Defendant denies the allegations in paragraph 25 of the first amended complaint.

26. Defendant denies the allegations in paragraph 26 of the first amended complaint, except admits that a Letter of Warning dated May 21, 2007, was issued to Plaintiff and refers the Court to the letter for its contents.

27. Defendant denies the allegations in paragraph 27 of the first amended complaint.

28. Defendant denies the allegations in paragraph 28 of the first amended complaint.

29. Defendant denies the allegations in paragraph 29 of the first amended complaint, except admits that Plaintiff was instructed on a number of occasions not to return his truck to the

FDR Station garage.

30. Defendant denies the allegations in paragraph 30 of the first amended complaint.

31. Defendant denies the allegations in paragraph 31 of the first amended complaint.

32. Defendant denies the allegations in paragraph 32 of the first amended complaint.

33. Defendant neither admits nor denies the allegations in paragraph 33 of the first amended complaint and respectfully refers the Court to the overtime records of employees at Gracie Station.

34. Defendant denies the allegations in paragraph 34 of the first amended complaint.

35. Defendant denies the allegations in paragraph 35 of the first amended complaint.

36. Defendant denies the allegations in paragraph 36 of the first amended complaint.

37. Defendant denies the allegations in paragraph 37 of the first amended complaint.

38. Defendant denies the allegations in paragraph 38 of the first amended complaint.

39. Defendant denies the allegations in paragraph 39 of the first amended complaint.

40. Defendant denies the allegations in paragraph 40 of the first amended complaint.

41. Defendant denies the allegations in paragraph 41 of the first amended complaint.

42. Defendant denies the allegations in paragraph 42 of the first amended complaint, except admits that on various occasions plaintiff's assigned duties included delivery of Express Mail.

43. Defendant denies the allegations in paragraph 43 of the first amended complaint.

44. Defendant denies the allegations in paragraph 44 of the first amended complaint.

45. Defendant denies the allegations in paragraph 45 of the first amended complaint.

46. Defendant denies the allegations in paragraph 46 of the first amended complaint.

47. Defendant denies the allegations in paragraph 47 of the first amended complaint, except admits, upon information and belief, that plaintiff filed a complaint with the EEOC on or about May 29, 2007.

48. Defendant denies the allegations in paragraph 48 of the first amended complaint.

49. Defendant admits the allegations in paragraph 49 of the first amended complaint.

50. Defendant denies the allegations in paragraph 50 of the first amended complaint.

51. Defendant denies the allegations in paragraph 51 of the first amended complaint.

52. Defendant denies the allegations in paragraph 52 of the first amended complaint.

53. Defendant denies the allegations in paragraph 53 of the first amended complaint.

54. Defendant denies the allegations in paragraph 54 of the first amended complaint.

55. Defendant denies the allegations in paragraph 55 of the first amended complaint.

56. Defendant denies the allegations in paragraph 56 of the first amended complaint.

57. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the first amended complaint.

58. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the first amended complaint.

59. Defendant denies the allegations in paragraph 59 of the first amended complaint.

60. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the first amended complaint.

61. Defendant denies the allegations in paragraph 61 of the first amended complaint.

62. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the first amended complaint.

63. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the first amended complaint.

64. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the first amended complaint.

65. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the first amended complaint.

66. Defendant denies the allegations in paragraph 66 of the first amended complaint.

67. Defendant admits the allegations in paragraph 67 of the first amended complaint.

68. Defendant denies the allegations in paragraph 68 of the first amended complaint, except admits, upon information and belief, that the EEOC issued a Notice of Final Action to plaintiff, and refers the Court to that notice for its contents.

69. The allegations set forth in paragraph 69 of the first amended complaint are conclusions of law to which no response is required.

70. The allegations set forth in paragraph 70 of the first amended complaint are conclusions of law to which no response is required.

**FIRST CLAIM**

71. Defendant repeats its responses to the allegations contained in paragraphs 1 to 71 as if set forth here.

72. Defendant denies the allegations in paragraph 72 of the first amended complaint.

73. Defendant denies the allegations in paragraph 73 of the first amended complaint.

74. Defendant denies the allegations in paragraph 74 of the first amended complaint.

75. Defendant denies the allegations in paragraph 75 of the first amended complaint.

76. The allegations set forth in paragraph 6of the first amended complaint are conclusions of law to which no response is required.

77. Defendant denies that plaintiff is entitled to recovery.

### SECOND CLAIM

78. Defendant repeats its responses to the allegations contained in paragraphs 1 to 78 as if set forth here.

79. Defendant denies the allegations in paragraph 79 of the first amended complaint.

80. Defendant denies the allegations in paragraph 80 of the first amended complaint.

81. Defendant denies the allegations in paragraph 81 of the first amended complaint.

82. Defendant denies that plaintiff is entitled to recovery.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to timely exhaust his administrative remedies.

### THIRD DEFENSE

Plaintiff's claims are time-barred by the applicable statute of limitations and the doctrine of laches.

### FOURTH DEFENSE

Plaintiff is barred from claiming race and national origin discrimination because he failed to raise these grounds in the complaint he filed with the Equal Employment Opportunity Commission.

**FIFTH DEFENSE**

Without waiving the affirmative defenses set forth above and upon which Defendant specifically relies, Defendant states that he had legitimate, nondiscriminatory reasons for all of his actions with regard to plaintiff.  Accordingly, the first amended complaint should be dismissed.

**SIXTH DEFENSE**

Defendant's treatment of plaintiff did not constitute prohibited discrimination on any basis.

**SEVENTH DEFENSE**

Actions taken by Defendant, his agents, and employees were motivated by legitimate, nondiscriminatory reasons, which were not pretextual.

**EIGHTH DEFENSE**

All actions taken by Defendant were in good faith, and were not in willful violation of the law.

**NINTH DEFENSE**

Punitive damages are not available in employment discrimination claims against the federal government or its agencies.

**TENTH DEFENSE**

Plaintiff cannot seek compensatory damages in excess of the statutory cap set at 42 U.S.C. § 1981a.

**WHEREFORE**, defendant demands judgment dismissing the first amended complaint and such further relief as the Court deems just and proper, including costs.

Dated: New York, New York
September 30, 2009

          PREET BHARARA
          United States Attorney for the
          Southern District of New York

By:   /s/ David Bober
      DAVID BOBER
      Assistant United States Attorney
      86 Chambers Street, 3rd Floor
      New York, NY  10007
      (212) 637-2718
      david.bober@usdoj.gov

To:   Wong, Wong & Associates P.C.
      Attorneys for plaintiff
      150 Broadway, Suite 1588
      New York, NY 10038