UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
KUO R. CHIANG,                                               :
                                                             :  **ECF CASE**
                                                             :
               Plaintiff,                                    :
                                                             :
       v.                                                    :  09 Civ. 3794 (JCF)
                                                             :
JOHN E. POTTER, Postmaster General of the                    :
United States Postal Service,                                :
                                                             :
               Defendant.                                    :
------------------------------------------------------------ x


**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE AND FOR
A JUDICIAL DETERMINATION OF LOST WAGES WITH RESPECT TO
PLAINTIFF'S TITLE VII CLAIMS**

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for Defendant*
86 Chambers Street, Third Floor
New York, New York  10007
Telephone: (212) 637-2718, 2698
Facsimile: (212) 637-2786
Email: david.bober@usdoj.gov
         jeffrey.oestericher@usdoj.gov

DAVID BOBER
JEFFREY S. OESTERICHER
Assistant United States Attorneys
    - Of Counsel -

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.      The Government Preserved the Exhaustion Defense by Including
             It in the Answer and Moving Before Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      B.      Well-Established Principles Permit Modification of the Pre-Trial
             Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      C.      Evidence Relating to the Graffiti Should Be Excluded Under
             FRE 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Defendant John E. Potter, Postmaster General of the United States ("Defendant" or the "Government"), respectfully submits this reply memorandum of law in support of his motion *in limine* for an order excluding certain evidence in support of plaintiff's claims of discrimination and retaliation, and directing that any equitable remedies with respect to Plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), be calculated by the Court, and not by the jury.

## PRELIMINARY STATEMENT

Chiang agrees with the Government, Opp. Br. at 3 n.2, that he "did not specifically argue race and national origin discrimination in the EEOC proceedings immediately prior to this action." He further concedes that his claim of race and national-origin discrimination is not reasonably related to his retaliation claims. *Id.* He thus falls back on the argument that the Government waived any exhaustion-based objection to his race and national-origin claim by failing to move for summary judgment and not including the defense in the pre-trial order. This argument defies both the case law and common sense, as Chiang has been on notice for nearly a year that the Government intended to raise this defense. The Government's answer to the original complaint, filed August 5, 2009, stated as follows:

> Plaintiff is barred from claiming race and national origin discrimination because he failed to raise these grounds in the complaint he filed with the Equal Employment Opportunity Commission.

*See* Answer (Docket No. 7), at 7. The answer to the amended complaint, filed September 30, 2009 (Docket No. 10), contained the same defense. In accordance with this defense – which, incidentally, Chiang concedes was entirely correct – the Government moved prior to trial to prevent Chiang from presenting such evidence to the jury. In no sense can it fairly be said that the defense has been waived when, in fact, it was asserted from the beginning, and the

Government moved on that very basis prior to trial.

The case law in this Circuit firmly establishes that asserting a defense in the answer is all that is required to preserve it for trial; indeed, as discussed below, in numerous cases the Circuit has permitted the Government to raise an exhaustion defense even when it was never included in the answer. And, in any event, even if the failure to move for summary judgment or to include the defense in the joint pretrial order were enough to waive it, the Court should permit modification of the pretrial order. The Federal Rules of Civil Procedure specifically contemplate modification in circumstances such as these, where there is no prejudicial surprise because the plaintiff has been on notice of the exhaustion argument for nearly a year. As the Circuit has explained, the pretrial order is not a "strait-jacket binding the parties and court to an unwavering course at trial," *Manley v. AmBase Corp.*, 337 F.3d 237, 249 (2d Cir. 2003), and district courts have considerable discretion to modify the terms of pretrial orders to "balance the need for doing justice on the merits between the parties (in spite of the errors and oversights of their attorneys)" against the need for maintaining orderly and efficient procedural arrangements. *Helena Assocs. LLC v. EFCO Corp.*, No. 06 Civ. 0861 (PKL), 2009 WL 2355811, at *2 (S.D.N.Y. July 29, 2009). Accordingly, the Court should allow the Government to assert the defense that Chiang has failed to exhaust his race and national-origin claims, and hold that Chiang is not entitled to present those claims to the jury.

## ARGUMENT

A.  **The Government Preserved the Exhaustion Defense by Including It in the Answer and Moving Before Trial**

As an initial matter, the law is clear that a defense such as exhaustion is preserved by asserting it in the answer, and is not waived by failure to include it in a pretrial motion or otherwise. As a leading treatise explains, "the failure to raise an affirmative defense by motion will not result in a waiver as long as it is interposed in the answer." 5 Wright, Miller, *et al.*, FEDERAL PRACTICE & PROCEDURE § 1277 (3d ed.). In a 2004 unpublished decision, the Second Circuit encountered the argument that Chiang makes here and that was raised by the Court at the last pretrial conference – that the defendants "waived the defense of failure to exhaust by failing to include it in their first motion for summary judgment." *Villante v. VanDyke*, 93 Fed. Appx. 307, 308 (2d Cir. 2004). The Circuit rejected that argument, explaining that the Circuit has "never required defendants who have properly pled the defense in their answer to also file a motion for summary judgment on exhaustion grounds in order to preserve the defense. Indeed, [F.R.C.P.] 8(c) requires only that an affirmative defense be included in a responsive pleading, such as an answer, not that it be the subject of a pretrial motion." *Id.* at 309.

The Circuit has even gone beyond this principle, and allowed the Government to assert an exhaustion defense when it was not included in the answer. In *Belgrave v. Pena*, 254 F.3d 384 (2d Cir. 2001), the plaintiff argued that the Government should have been precluded from asserting the exhaustion defense because it was not included in the answer. *Id.* at 386. The Court rejected that argument, holding that the Government's assertion of the defense in an amended answer was enough to preserve it, as the amendment "occurred before trial, did not require additional discovery, and was not premised on bad faith." *Id.* at 387. Likewise, in

3

*Economou v. Caldera*, 286 F.3d 144 (2d Cir. 2002), the Circuit affirmed the district court's dismissal of an employment discrimination complaint for failure to exhaust, even though the Government's answer did not assert exhaustion as a defense, and the Government first moved on exhaustion grounds several months after filing the answer. *Id.* at 148-49. The Circuit affirmed the district court's decision to allow the exhaustion defense to be presented to the jury because the plaintiff "had not demonstrated prejudice, undue delay, or any other reason to deny the motion," and the plaintiff "had been aware of the [Government's] intention to make the argument since shortly after he brought suit," because the Government raised the issue at a pretrial conference. *Id.* at 148.

Here, Chiang likewise cannot argue that he is the victim of prejudicial surprise, as he has been on notice that the Government intended to preclude his claims for race and national-origin discrimination for failure to exhaust since at least August 2009, when that defense was asserted in the Government's answer. Allowing the Government to assert the defense here would not unduly delay trial, require additional discovery, or preclude Chiang from presenting his claim of retaliation to the jury. And, finally, it is a just result. The Circuit has made plain that "exhaustion of administrative remedies . . . stands as an essential element of Title VII's statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply." *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (internal quotation marks and citation omitted). Chiang concedes that he never exhausted his remedies with respect to his race and national-origin discrimination claim, and the Government has insisted on compliance from the beginning. To allow him to proceed on that claim now would be purely a victory of form over substance. *Cf. Francis*, 235 F.3d at 768 (finding that the City of New York had waived the

4

exhaustion defense where the City raised it for the first time post-judgment, "only after its other arguments failed").

B.   **Well-Established Principles Permit Modification of the Pre-Trial Order**

Even if the failure to move for summary judgment or include the exhaustion issue in the pretrial order would have acted as a waiver, the Court should permit modification of the pretrial order to include the defense. Although Chiang argues that the law in the Second Circuit is that "defenses . . . not included in the pretrial order are waived," Opp. Br. at 10, in fact the Circuit has never required trial courts to adhere to such a rigid position. Federal Rule of Civil Procedure 16 provides that the pretrial order may be modified "to prevent manifest injustice," and "Second Circuit case law indicates that a district court has significant discretion in determining how to apply this directive." *Helena Assocs. LLC*, 2009 WL 2355811, at *2 (citations omitted). As the Circuit has explained, although the pretrial order "shall control the subsequent course of the action . . . this does not mean that a pretrial order is a legal strait-jacket binding the parties and court to an unwavering course at trial." *Manley*, 337 F.3d at 249. Put another way, pretrial orders are "not intended to function as an inflexible straitjacket on the conduct of litigation or to produce an abstract, perfect equivalence between the pretrial papers and the course of the litigation." *Lamborn v. Dittmer*, 873 F.2d 522, 527 (2d Cir. 1989). Instead, pretrial orders are "intended to insure the efficient resolution of cases and, most importantly, minimize prejudicial surprise." *Id.*; *see also HBE Leasing Corp. v. Frank*, 22 F.3d 41, 45 (2d Cir. 1994) ("A trial court is given broad discretion in managing a trial, . . . and this discretion includes a certain amount of latitude to deviate from the terms of the pretrial order."); *Clark v. Pennsylvania R.R. Co.*, 328 F.2d 591, 594 (2d Cir. 1964) ("[I]t is a fundamental principle of pre-trial that this

5

procedure be flexible, with power reserved to the trial judge to amend the order or permit a departure from strict adherence to the pre-trial statements of either party, when the interests of justice make such a course desirable.").

Thus, "district courts have considerable discretion in the management of trials, and this necessarily includes a certain amount of latitude to deviate from the terms of a pretrial order." *Manley*, 337 F.3d at 249; *see also* 6A Wright, Miller, *et al.*, FEDERAL PRACTICE & PROCEDURE § 1527 (explaining that though "federal judges generally recognize the binding effect of pretrial orders," "this does not mean that the order is rigidly and pointlessly adhered to at trial"); *id.* (explaining that, absent abuse of discretion, "it is not error for the court to permit the introduction of evidence or to give instructions on issues beyond the scope of the [pretrial] order or to hear witnesses not listed in accordance with the court's order"). In determining whether a proposed modification to a pretrial order is appropriate, "a district court must balance the need for doing justice on the merits between the parties (in spite of the errors and oversights of their attorneys) against the need for maintaining orderly and efficient procedural arrangements." *Helena Associates*, 2009 WL 2355811, at *2.

Several factors are relevant to the Court's determination:

> (1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (3) the extent of disruption of the orderly and efficient trial of the case; and (4) the bad faith or willfulness of the non-compliant party. Prejudice to the party seeking amendment or modification of the order is also relevant, as a trial court should not refuse to modify a pre-trial order where manifest injustice will result.

*Id.* at *3 (citation omitted). Accordingly, a trial court will typically allow amendment of the pretrial order "when no substantial injury will be occasioned to the opposing party, the refusal to

6

allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *Id.* (citation and internal quotation marks omitted).  Even an amendment "during trial," or "at the last minute due to the movant's lack of diligence" may be allowed "if it does not significantly prejudice the opposing party." *Id.*

In accordance with these principles, courts in this Circuit have consistently allowed a pre-trial order to be modified when the opposing party would not be prejudicially surprised.  For example, in *McFadden v. Sanchez*, 710 F.2d 907 (2d Cir. 1983), the defendants argued that the plaintiff should have been precluded from submitting a claim for punitive damages to the jury because the claim had been "omitt[ed] from the pretrial order." *Id.* at 911.  The Second Circuit held that the district court had not erred by modifying the pretrial order during the trial and permitting the jury to consider punitive damages. *Id.* at 911-12.  As the Court explained, "[i]t would be an exaggeration . . . to maintain that [defendants] were caught wholly unawares by the modification of the pretrial order," because "the complaint had given notice of the claim for punitive damages." *Id.* at 912; *see also Tupman Thurlow Co. v. S.S. Cap. Castillo*, 490 F.2d 302, 309 (2d Cir. 1974) (affirming district court decision to allow evidence at trial that was not included in the pretrial order, explaining that pretrial order may be modified during trial and "we have not viewed such modification with hostility"); *Helena Assocs.*, 2009 WL 2355811, at *4 (allowing plaintiff to amend pretrial order to seek increased damages for lost rent, in part because the defendant "has long been aware of this claim").  Again, this is precisely the case here – Chiang has long been on notice that the Government intended to assert an exhaustion defense, and can identify no prejudice he would suffer here apart from dismissal of his claim, which is the appropriate result when one fails to exhaust administrative remedies.

The cases that Chiang cites are not to the contrary. In *Rockwell International Corp. v. United States*, 549 U.S. 457 (2007), the Supreme Court wrote, in dicta, that the final pretrial order "superseded all prior pleadings and controlled the subsequent course of action." *Id.* at 474 (citing Fed. R. Civ. P. 16(e)). It is true, of course, that the pretrial order "controls the subsequent course of action," but it is equally true that the pretrial order is subject to modification after it is entered, and even after trial has begun – an issue that was not addressed in *Rockwell*. Indeed, courts in this district have continued to allow modifications to the pretrial order post-*Rockwell*. *See, e.g.*, *Helena Associates*, 2009 WL 2355811, at *4. Chiang's citation to a Tenth Circuit case, *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002), is similarly unavailing. There the plaintiff included a claim of negligent infliction of emotional distress in his original complaint, then dropped it from his amended complaint, failed to include it in the pretrial order, and never moved for permission to include such a claim in the jury charge until after the close of evidence. Explaining that the "laudable purpose of Fed. R. Civ. P. 16 is to avoid surprise, not foment it," the Tenth Circuit held that it was error to allow the plaintiff's claim for negligent infliction of emotional distress to be presented to the jury when it had been dropped from the amended complaint and the plaintiff waited until the close of evidence to seek to present it to the jury. *Id.* at 1215-16. This is plainly not the case here, where Chiang has been on notice of the Government's exhaustion argument for nearly a year.

## C.     Evidence Relating to the Graffiti Should Be Excluded Under FRE 403

Chiang argues that he should be permitted to present evidence of the graffiti to the jury because the "central theme" of his case is that he was "generally treated as a second-class employee." Opp. Br. at 15. Plainly Chiang relishes the opportunity to present evidence to the

8

jury that co-workers labeled him an "asshole" and other epithets, but, as noted above, from the beginning Chiang has proceeded under a theory of retaliation, not hostile work environment, and he has never exhausted a claim of hostile work environment. To establish that the graffiti was connected to retaliation for protected activity, Chiang would have to establish some nexus between the graffiti and supervisors who were aware of his protected activity. There is simply no evidence of any such connection – Chiang first discovered the graffiti at the end of 2008, more than two years after he first engaged in protected activity; he does not know who wrote it or how long it had been there; or whether it was still in the bathroom at the time of his deposition. His attempt to present evidence of the graffiti to the jury is an attempt to ascribe the actions of idle and immature co-workers – which had no effect on his job duties, responsibilities, or compensation – to supervisors who became aware of his protected activity years before the graffiti first appeared. However, even assuming that anonymous co-workers' scribbles could be considered adverse employment action for purposes of a retaliation claim, "district courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation." Murray v. Visiting Nurse Serv. of NY, 528 F. Supp. 2d 257, 275 (S.D.N.Y. 2007) (collecting cases). Accordingly, given the tenuous nexus between the graffiti and the protected activity, coupled with the inflammatory nature of the evidence that Chiang seeks to present, the Court should preclude Chiang under FRE 403 from introducing evidence related to the graffiti.

**CONCLUSION**

For the foregoing reasons, the Court should preclude Chiang from presenting his claim of race and national-origin discrimination to the jury, preclude evidence relating to the graffiti in the elevator and bathroom, and grant the additional relief requested in the Government's motion *in limine*.

Dated: New York, New York
       July 23, 2010

                                              Respectfully submitted,

                                              PREET BHARARA
                                              United States Attorney for the
                                              Southern District of New York

By:   /s/_____
       DAVID BOBER
       JEFFREY S. OESTERICHER
       Assistant United States Attorneys
       86 Chambers Street, 3rd Floor
       New York, NY  10007
       (212) 637-2718/2698
       david.bober@usdoj.gov
       jeffrey.oestericher@usdoj.gov