```
UNITED STATES DISTRICT COURT              (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
KUO R. CHIANG,                     : 09 Civ. 3794 (JCF)
                                   :
          Plaintiff,               :    MEMORANDUM
                                   :    AND  ORDER
     - against -                   :
                                   :
JOHN E. POTTER, POSTMASTER GENERAL :
OF THE UNITED STATES POSTAL        :
SERVICE,                           :
          Defendant.               :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

This is an employment discrimination and retaliation case brought against the United States Postal Service. The defendant, John E. Potter, the Postmaster General, now moves in limine (1) to preclude the plaintiff, Kuo R. Chiang, from alleging race and national origin discrimination because he has not exhausted that claim, (2) to exclude evidence relating to derogatory graffiti directed at Mr. Chiang, (3) to exclude evidence regarding backpay, and (4) to preclude lay witnesses from testifying about Mr. Chiang's mental condition. The parties have consented to have this case tried before me pursuant to 28 U.S.C. § 636(c). For the reasons discussed below, the defendant's motion is granted in part and denied in part.

Background

Mr. Chiang has been employed by the Postal Service as a mail truck driver since 1999. (Amended Complaint ("Am. Compl."), ¶ 9). In November 2006, Mr. Chiang's supervisor, William Ventrello,

1

informed the plaintiff that a customer on the plaintiff's route was complaining that postal drivers were not accepting undeliverable mail for return to the post office. (Am. Compl., ¶¶ 7, 11). Believing that he had been singled out for blame because he is Chinese-American, Mr. Chiang filed an EEO Complaint of Discrimination that was ultimately dismissed by the Equal Employment Opportunity Commission on April 20, 2007. (Am. Compl., ¶¶ 12-15).

The plaintiff alleges that he was then subjected to a pattern of harassment and retaliation that included changing his route, denying him overtime, assigning him to deliver express mail on Saturdays, giving him a letter of warning for failing to follow instructions, denying him access to a door to the post office lobby, and falsely announcing that he had informed on co-workers. (Am. Compl., ¶¶ 16-56). In addition, the plaintiff complains that after he filed EEO charges, unknown persons wrote offensive graffiti about him in the post office facility and, contrary to routine procedure, it was not promptly removed. (Am. Compl. ¶¶ 57-66). In May 2007, Mr. Chiang filed a second EEO Complaint of Discrimination alleging retaliation, and he subsequently amended it to include incidents that occurred thereafter. (EEO Complaint of Discrimination in the Postal Service dated May 31, 2007, attached as Exh. A to Declaration of David Bober dated July 6, 2010; Am. Compl., ¶ 53). The EEOC dismissed these retaliation charges in

February 2009, and the plaintiff then filed the instant action. (Am. Compl., ¶ 67).

I will discuss additional facts as they become relevant to the analysis of each respective issue.

A. Exhaustion of the Discrimination Claim

The defendant has asserted an exhaustion defense only intermittently. As the Fourth Defense in his answer, the defendant averred that "Plaintiff is barred from claiming race and national origin discrimination because he failed to raise these grounds in the complaint he filed with the Equal Employment Opportunity Commission." (Answer, Fourth Defense). Nevertheless, defendant's counsel took discovery that appears to be directed to such claims. (Deposition of Kuo R. Chiang, excerpts attached as Exh. A to Amended Declaration of Jonathan T. Trexler dated July 16, 2010, at 33, 41-43, 127-28). Then, when the deadline for submitting dispositive motions or a pretrial order arrived, the parties submitted a joint pretrial order, and the defendant did not file any motion for summary judgment addressing exhaustion. Rather, the joint pretrial order specifically states that "[t]his is an employment discrimination and retaliation action brought under Title VII . . . ." (Joint Pretrial Order ("JPTO"), ¶ III). In the plaintiff's summary of claims, he alleges that he was subjected to "racial discrimination and retaliation." (JPTO, ¶ IV(A)). The defendant, in turn, states that "Plaintiff was not subjected to

3

discrimination or retaliation of any kind, and [] none of the actions described in the complaint constituted [] unlawful discrimination on the basis of race or color . . . ."  (JPTO, ¶ IV(B)).  At no point in the Joint Pretrial Order does the defendant assert an exhaustion defense.  Furthermore, both parties submitted proposed jury instructions that address discrimination on the basis of race and national origin as well as retaliation.  (Defendant's Requests to Charge at 34-49; Plaintiff's Proposed Jury Instructions at 6-16).

There are two independent procedural grounds that could justify denying the defendant's motion to preclude the plaintiff's discrimination claim.  First, it is well established that a party may not circumvent a deadline for the filing of dispositive motions by couching a motion for summary judgment as a motion in limine.  See Aspect Systems, Inc. v. Lam Research Corp., No. CV 06-1620, 2009 WL 1390837, at *1 (D. Ariz. May 15, 2009); Caviness v. Johnson, No. CIV-06-542, 2008 WL 3833580, at *2 (E.D. Okla. Aug. 15, 2008); Natural Resources Defense Council v. Rodgers, No. CIV-88-1658, 2005 WL 1388671, at *1 n.2 (E.D. Cal. June 9, 2005); Torah Soft Ltd. v. Drosnin, No. 00 Civ. 676, 2003 22024074, at *4 (S.D.N.Y. Aug. 28, 2003).  Second, the final pretrial order supercedes "all prior pleadings and 'control[s] the [subsequent] course of the action.'"  Rockwell International Corp. v. United States, 549 U.S. 457, 474 (2007) (quoting Fed. R. Civ. P. 16(d)).

4

Accordingly, "[t]he parties are bound to the issues raised in the pretrial order." Ismail v. Cohen, 706 F. Supp. 243, 249 (S.D.N.Y. 1989); see also Basquiat v. Baghoomian, No. 90 Civ. 3853, 1992 WL 125529, at *1 (S.D.N.Y. May 22, 1992).

Nevertheless, it would be anomolous to deny the defendant's motion in this instance.  Although the exhaustion requirement is not jurisdictional, see Terry v. Ashcroft, 336 F.3d 128, 150 (2d Cir. 2003); Boos v. Runyon, 201 F.3d 178, 182 (2d Cir. 2000), it is "ordinarily an essential element of a Title VII claim." Williams v. New York City Housing Authority, 458 F.3d 67, 70 (2d Cir. 2006) (internal quotation marks omitted).  Here, Mr. Chiang acknowledges that he failed to exhaust: "Plaintiff did not specifically argue race and national origin discrimination in the EEOC proceedings immediately prior to this action, and Plaintiff does not argue that such claim is 'reasonably related' to Plaintiff's retaliation claims addressed by the EEOC."  (Plaintiff's Amended Memorandum of Law in Opposition to Defendant's Motion in Limine to Exclude Certain Evidence and for a Judicial Determination of Lost Wages with Respect to Plaintiff's Title VII Claims ("Pl. Memo.") at 3 n.2, 5).[1]  Thus, the plaintiff cannot assert prejudice as the result of not being permitted to advance a claim that is legally

---

[1] The plaintiff did exhaust his original discrimination claim -- that which forms the basis for the retaliation claim.  However, no action was ever brought in court on the basis of that discrimination claim.

deficient. However, there is prejudice to the Court, since the orderly litigation process has been disrupted. But it would merely compound the error to try a claim for which there is a complete and uncontested defense. I will therefore excuse the defendant's failure to move for summary judgment and permit amendment of the pretrial order to include the exhaustion defense. And, on the basis of that defense, I grant the defendant's application to preclude the plaintiff from presenting claims of race or national origin discrimination at trial.

B. Evidence of Graffiti

The defendant next contends that the plaintiff should not be permitted to present at trial evidence of insulting graffiti that Mr. Chiang claims was not promptly removed from the post office. To establish a prima facie case of retaliation, a plaintiff must prove (1) that he engaged in a protected activity, (2) that the defendant knew of this activity, (3) that the defendant took an adverse action against the plaintiff, and (4) that there is a causal connection between the protected activity and the adverse action. Kessler v. Westchester County Department of Social Services, 461 F.3d 199, 205-06 (2d Cir. 2006). An employment action is "materially adverse" if "'it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Id. at 207 (quoting Burlington Northern and Santa Fe Railway Co. v. White, 548 U.S. 53, 54 (2006)).

In theory, a failure to remove graffiti could be actionable as retaliation.  Holding an employee up to ridicule by his co-workers could constitute an adverse employment action.  And, even if it is not known who was responsible for the graffiti in the first instance, the employer could still be liable if the failure to eradicate offensive writings was based on a retaliatory motive.

Here, however, the parties have not yet proffered enough information about the incident for me to make a final determination.  For example, little evidence has been submitted about the defendant's "policy" of removing graffiti, about the extent to which the conduct here deviated from that policy, or about whether the supervisor responsible for implementing the policy was aware of Mr. Chiang's protected activity.  Therefore, the defendant's motion to exclude evidence about the graffiti is denied without prejudice to renewal at trial after the plaintiff has had an opportunity to lay an appropriate foundation.  See Williams v. Muhammad's Holy Temple of Islam, Inc., No. 00 CV 1251, 2006 WL 297448, at *2 (E.D.N.Y. Feb. 8, 2006) (holding that "it is common for courts to reserve judgment on a motion in limine until trial so that the motion can be placed in the appropriate factual context").  This shall initially take place outside the presence of the jury.

    C. Evidence Concerning Backpay and Overtime

The nature of the parties' dispute concerning backpay has

undergone a transformation during the course of the briefing of this motion.  Initially, it appeared that the defendant simply sought a determination that any award of backpay be made by the Court rather than by the jury.  This issue is not free from doubt. Compare Gilbert v. Hotline Delivery, No. 00 Civ. 160, 2001 WL 799576, at *2 (S.D.N.Y. July 10, 2001) (holding that "whether to award backpay is left to the equitable discretion of the [] court"), and Zerilli v. New York City Transit Authority, 973 F. Supp. 311, 314 n.1 (E.D.N.Y. 1997) ("[A] backpay award under Title VII continues to be a matter for the Court to decide."), aff'd in part, rev'd in part on other grounds, 162 F.3d 1149 (2d Cir. 1998), with Hawkins v. 1115 Legal Service Care, 163 F.3d 684, 687 (2d Cir. 1998) (noting, without further comment, that jury awarded backpay), Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 160, 166 (2d Cir. 1998) (same), and Adorno v. Port Authority of New York and New Jersey, 685 F. Supp. 2d 507, 510 (S.D.N.Y. 2010) (same).  However, the plaintiff does not oppose this aspect of the defendant's application (Pl. Memo. at 15-16), and it is therefore granted; the Court will calculate any backpay award if the jury finds liablity.

The parties do appear to disagree, however, with respect to whether the plaintiff should be permitted to introduce evidence of alleged retaliation that took the form of depriving him of the opportunity to earn overtime.  Such evidence does not merely go to calculating backpay.  Rather, proof of disparate treatment is

8

central to the plaintiff's retaliation claim.  Moreover, the degree of disparity between the plaintiff's overtime opportunities and those of similarly situated co-workers is probative of whether any difference is attributable to retaliation or is merely random. Accordingly, Mr. Chiang shall be permitted to introduce evidence of overtime pay that he alleges that he lost as a consequence of retaliation.

     D. Evidence of Mental Distress

Finally, the defendant moves to preclude testimony by lay witnesses concerning Mr. Chiang's mental condition.  Here, the parties appear to be in accord that lay witnesses may testify as to their observations of the plaintiff's behavior and appearance, but that they may not offer an opinion as to his mental state.  The parties' proposed solution is consistent with the law: a lay witness may testify to his own perceptions but not to information that requires scientific, technical, or other specialized knowledge.  Williams, 2006 WL 297448, at *2.  The defendant's motion to preclude is therefore denied to the extent that it relates to testimony about observed facts and granted to the extent it relates to opinion.

Conclusion

For the reasons set forth above, the defendant's motion in limine is:

(1) Granted to the extent that the plaintiff is precluded from

asserting claims of discrimination on the basis of race or national origin;

(2) Denied without prejudice to the extent that the plaintiff may seek to establish a foundation at trial for introduction of evidence concerning the failure to remove derogatory graffiti;

(3) Granted to the extent that the Court will determine backpay, but denied to the extent that the plaintiff may introduce evidence of denial of the opportunity to earn overtime; and

(4) Granted to the extent that lay witnesses may not offer opinions concerning the plaintiff's mental condition, but denied in that these witnesses may testify as to their observations of the plaintiff.

SO ORDERED.

/s/ James C. Francis IV
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       August 11, 2010

Copies mailed this date:

Raymond H. Wong, Esq.
Jonathan T. Trexler, Esq.
Wong, Wong & Associates, PC
150 Broadway, Suite 1588
New York, New York 10038

David Bober, Esq.
Assistant United States Attorney
86 Chambers Street
New York, New York 10007