```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/10
```

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
KUO R. CHIANG,

        Plaintiff,

    v.

JOHN E. POTTER, Postmaster General of the
United States Postal Service,

        Defendant.
------------------------------------------------------------ x

ECF CASE

**STIPULATION AND ORDER OF
SETTLEMENT AND DISMISSAL**

09 Civ. 3794 (JCF)

IT IS HEREBY STIPULATED AND AGREED by and between Kuo R. Chiang ("Plaintiff") and John E. Potter, Postmaster General of the United States ("Defendant"), by and through their respective undersigned attorneys, that the above-captioned action shall be resolved as follows:

1.    This action is hereby dismissed with prejudice, and without costs, expenses, or fees to any party, except as specified in Paragraph 2, below.

2.    Defendant hereby agrees to pay Plaintiff the total sum of ONE HUNDRED EIGHTY-FIVE THOUSAND DOLLARS ($185,000) (the "Settlement Amount"), net without deduction, withholding, or set-off as compensatory damages. Payment of the settlement amount will be made by a check drawn upon the United States Postal Service in the amount of ($185,000), made payable to plaintiff, Kuo R. Chiang.

3.    Plaintiff understands and agrees that Defendant shall issue IRS Form 1099-MISC to Plaintiff for the Settlement Amount. The payment in the total amount of $185,000 will be placed in Box 3 (other income) on the Form 1099. Plaintiff represents and warrants that he shall assume all responsibility for, and shall protect, indemnify, defend, and hold Defendant harmless from and against any and all claims, losses, damages, liability, suits, actions, judgments, costs,

penalties, and expense resulting from any liability or claim of liability for any amounts assessed by or due to any federal, state, or local government or agency thereof, including, but not limited to, federal, state, and local taxes owed in connection with the payment to him.

4. The Settlement Amount of $185,000 set forth in paragraph 2 shall be in full settlement and satisfaction of any and all claims demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen injuries, damages, and losses, resulting and to result from, the same subject matter that gave rise to the above-captioned lawsuit, for which Plaintiff or his guardians, heirs, executors, administrators, or assignees, and each of them, now have or may hereafter acquire against the United States Postal Service, the Postmaster General, and any and all of their officers, agents, servants, and employees, current and former.

5. In addition, the lump sum payment of $185,000 shall be in full settlement and satisfaction of all claims for damages, attorney's fees, and costs incurred in connection with the above-captioned action and any other complaints, grievances, requests for investigation, claims under other administrative procedures, appeals, or lawsuits, relating to the same subject matter that gave rise to the claims involved in the above-captioned action, brought against the United States Postal Service, the Postmaster General, and any and all of their officers, agents, servants, and employees, current and former, including all claims for attorney's fees or costs that may be advanced by Plaintiff's present counsel, as well as any that may be advanced by any other counsel who has represented Plaintiff.

6. Plaintiff and his guardians, heirs, executors, administrators or assigns further agree to release, reimburse, indemnify, and hold harmless the United States Postal Service, the

Postmaster General, and any and all of their officers, agents, servants, and employees, current and former, from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to, or resulting from further litigation or the prosecution of claims by Plaintiff or his guardians, heirs, executors, administrators or assigns against any third party or against the United States Postal Service, the Postmaster General, and any and all of their officers, agents, servants, and employees, current and former, on account of the same subject matter that gave rise to the above-captioned lawsuit.

7.    It is also agreed, by and among the parties, that the settlement amount of $185,000 represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses and that any attorney fees owed by the Plaintiff, if any, will be paid out of the settlement amount and not in addition thereto.

8.    This stipulation and order shall not constitute an admission of liability or fault on the part of United States Postal Service, the Postmaster General, or any of its officers, agents, servants, employees, representatives, or instrumentalities on account of the incidents or circumstances giving rise to the above-entitled action and more particularly set forth in the pleadings filed herein, and is entered into by both parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

9.    In consideration of the payment by defendant as set forth in paragraph 2 above, Plaintiff agrees that he will cause his attorney to execute and file with the Clerk of the Court this stipulation and order with prejudice and without costs and such other documents as shall be necessary to cause the above-styled action to be dismissed with prejudice from the docket of the Court.

10. Plaintiff and Defendant understand and agree that this stipulation and order contains the entire agreement between them with respect to settlement of this case, and that no statements, representations, promises, agreements, or negotiations concerning settlement of this case, oral or otherwise, between them or their counsel that are not included herein shall be of any force or effect. All prior negotiations, understandings, conversations and communications are merged into this stipulation and order and have no force and effect other than as expressed in the body of this stipulation and order. The parties to this stipulation and order agree that a copy of the fully executed stipulation and order shall have the same legal effect and shall be equally enforceable in law and/or equity as the original fully executed stipulation and order.

11. Counsel for Plaintiff and Defendant each warrant and represent that they have been duly authorized by their respective clients to enter into this stipulation and order on their behalf and that this stipulation and order is legally binding on their respective clients.

Dated: New York, New York
       October 14, 2010

                           PREET BHARARA
                           United States Attorney
                           Southern District of New York
                           *Attorney for Defendant*

By: _____
     DAVID BOBER
     Assistant United States Attorney
     86 Chambers Street, 3d Floor
     New York, NY 10007
     Tel: 212.637.2718
     Fax: 212.637.2786
     Email: david.bober@usdoj.gov

Dated: New York, New York
       October 14, 2010

                           WONG, WONG & ASSOCIATES P.C.

By: _____
     JONATHAN TREXLER, ESQ.
     150 Broadway, Suite 1588
     New York, NY 10038
     Tel: (212) 566-8080
     Fax: (212) 566-8960
     jtrexler@wongwonglaw.com
     *Attorneys for Plaintiff*

SO ORDERED:

_____
HON. JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

10/18/10